UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
In re

   PAUL RYCHEL          Case No. 05-10347 K

         Debtor
-------------------------------------------------------------------

OPINION AND ORDER

  This Chapter 7 case was filed on January 18, 2005. The matter of the Chapter 7 Trustee's March 25, 2005 11 U.S.C. § 542 Motion for Turnover and Extend Time to File Objections to Discharge came on or an evidentiary hearing on September 20, 2005. The Motion was a consequence of a communication from the Debtor's ex-wife to the Trustee to tell him that the Debtor had hidden dozens and dozens of items of non-exempt personalty: long-guns, pistols, hunting equipment, power tools, welders, hand tools, leather goods, whole-house generator, shop equipment, etc. She told the Trustee that some of these items were hidden at her former mother-in-law's house and at the homes of various of the Debtor's friends. None of it was disclosed on the Debtor's schedules.

  Under subpoena,[1] she reiterated this account in great detail. In response, the Debtor admitted having once owned some of these items but that he had either sold them in early 2003 or that they had "gone missing" during the couple's marital travails. Other alleged items, he claims, are total fabrications by his ex-wife, who he claims had made threats to "get him anyway she can." He says she even threatened his life. He produced one witness, a long-time

---

[1] Subpoenaed by the Trustee "to assure her continued co-operation." There are accusations back and forth about various obligations between the former spouses, past-due or otherwise.

friend, who testified to having bought a number of the items in Spring of 2003. The Debtor also testified that he does not recall being asked by the Trustee at the § 341 meeting whether he had made any transfers of money or property to family or friends within six years before the filing, and so does not recall that he answered "No." Finally, as to why these items or transfers were not Scheduled in an abortive 2003 Joint Chapter 7 filing with his wife, he asserted that his then-lawyer knew of the transfers (indeed had earlier encouraged such transfers) and advised that they did not have to be Scheduled. His current lawyer stated that the former lawyer referred the case to him, faxed-over the 2004 Schedules and said that they only needed to be updated.

The Court need not and will not adjudicate ownership of the items: Those who might assert ownership are not before the Court (except as to the particular friend who testified as a non-party witness).

Rather, the first question before the Court is whether a 11 U.S.C. § 542 turnover order should issue. This has a simple answer. The Court will order turnover of any and all of the items addressed at hearing in which the Debtor has an ownership or possessory interest, if the Debtor knows who has the items or where they are located. If the Debtor stands by his sworn testimony, his response will be an <u>affidavit</u> that there are no such items. If he recants his testimony, he will turn the items over to the Trustee.

The remaining question is whether time the deadline for objections to discharge should be extended under Rule 4004(b). The Court is satisfied that it should be. Whether or not the Schedules in 2003 were as advised by prior counsel or not, the Debtor signed them and they were false. Whether or not the Debtor recalls the questions asked at the § 341 meeting in the

present case, the Court is satisfied that he gave false testimony there. These facts alone warrant an extension of time for the Trustee to conduct such further investigation as he sees fit.

This is not a finding that the Debtor's false oaths were <u>knowingly</u> false. Therefore, the Court will not make an 18 U.S.C. § 3057 referral to the U.S. Attorney at this time; the Trustee is, however, free to make his own decision under that statute now or in the future.

Time will be extended for 180 days from the date of this Order, subject to further Order of the Court. The turnover or affidavit recited above shall be tendered within 20 days of this Order.

All of the above is

SO ORDERED.

Dated:     Buffalo, New York
           November 10, 2005

_____
U.S.B.J.